IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARZET JAMES, SR., et al., ) | Case No. 06-cv-0507 TAG |
| ) | |
| Plaintiffs, ) | ORDER DISMISSING CASE WITHOUT |
| ) | PREJUDICE FOR FAILURE TO |
| v. ) | COMPLY WITH COURT ORDERS |
| ) | AND FAILURE TO PROSECUTE THIS ACTION |
| KERN HIGH SCHOOL DISTRICT, ) | (Doc. 29) |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

On April 27, 2006, Plaintiffs Harzet James, Jr., Tina Jones, Darnisha Stubbs, and Harzet James, Sr. ("Plaintiffs"), through counsel, filed the complaint in this action alleging violations of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. (Doc. 1). Pursuant to 28 U.S.C. § 636(c) and Federal Rules of Civil Procedure 73, the parties consented to proceed before a United States Magistrate Judge, and, by an order dated September 8, 2006, this action was assigned to the United States Magistrate Judge for all further proceedings. (Doc. 19). On October 23, 2006, Plaintiffs' attorney filed a motion to withdraw, which this Court granted on November 21, 2006. (Doc. 21, 24). On December 11, 2006, Plaintiffs' former attorney filed proof that he had served Plaintiffs with the November 21, 2006. (Doc. 25). By minute order dated March 27, 2007, the Court set a Status Conference for April 16, 2007 at 9:30 a.m. (Doc. 26). Pursuant to Judge Goldner's directive, the minute order required that "ALL PARTIES and COUNSEL . . . BE PERSONALLY PRESENT at the hearing on 4/16/07."[1]

---

[1] The United States Postal Service returned the minute order with a notation indicating that Plaintiffs had moved and their forwarding order had expired or they had not provided a forwarding address. (Docs. 27, 30). A subsequent order – specifically, the April 29, 2007, Order to Show Cause – also was returned as undeliverable because Plaintiffs for the same reasons. (Doc. 29, 31). Plaintiffs, however, had not notified the court of any change in their address. Absent such notice, service at a party's prior address is fully effective. Local Rule 83-182(f).

1

1  (Doc. 26). When the Plaintiffs failed to appear at the Status Conference, the Court issued an Order to
2  Show Cause why the case should not be dismissed, which also required that Plaintiffs personally appear
3  at the scheduled May 14, 2007, show-cause hearing. (Docs. 28, 29). ). Because the Plaintiffs failed to
4  appear at the May 14 hearing, the Court, ruling from the bench, dismissed the case without prejudice,
5  adding that a written order would follow. (Doc. 35).

6  Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local
7  Rules or with any order of the Court may be grounds for the imposition by the Court of any and all
8  sanctions . . . within the inherent power of the Court." District courts have the inherent power to control
9  their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate
10  . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).

11  In determining whether to dismiss an action for failure to obey a court order, the Court must
12  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's
13  need to manage its docket; (3) the risk of prejudice to the Defendants; (4) the public policy favoring
14  disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Carey v. King,
15  856 F.2d 1439 (9th Cir. 1988); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

16  In the instant case, Plaintiffs have taken no steps toward prosecuting this action since receiving
17  the Court's order notifying them that their counsel had been granted leave to withdraw as their attorney
18  of record. (See Dkt. Sheet). Accordingly, the Court finds that the public's interest in expeditiously
19  resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The
20  third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of
21  injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West,
22  542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on
23  their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a
24  court's warning to a party that failure to obey the court's order will result in dismissal satisfies the
25  "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992);
26  Malone v. U.S. Postal Serv., 833 F.2d 128, 132-133 (9th Cir. 1987); Henderson, 779 F.2d at 1424. The
27  Court's April 23, 2007, Order to Show Cause expressly ordered the Plaintiffs to appear in person at the
28

Show-Cause Hearing:

> and explain why sanctions should not be imposed upon them, and this action should not be dismissed, pursuant to Local Rule 11-110 for failure to comply with this Court's [March 27, 2007] order and for failure to prosecute this action.

(Doc. 29). Thus, Plaintiffs had adequate warning that dismissal would result from their noncompliance with the Court's order.

Based on the foregoing, IT IS HEREBY ORDERED that this case is DISMISSED WITHOUT PREJUDICE due to Plaintiffs' failure to comply with the Court's orders and failure to prosecute this action.

IT IS SO ORDERED.

Dated: **May 21, 2007**                    **/s/ Theresa A. Goldner**
                                                                      UNITED STATES MAGISTRATE JUDGE